UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| COLTON FRANCIS LEEKLEY-WINSLOW, | Case No. 20-CV-0653 (SRN/KMM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| v. | |
| KATHRYN MEDLICOTT, | |
| Defendant. | |

This action comes before the Court on Plaintiff Colton Francis Leekley-Winslow's (1) Complaint, ECF No. 1; and (2) Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2 (IFP Application). For the following reasons, the Court recommends dismissing the Complaint and denying the IFP Application.

**I.   BACKGROUND**

Mr. Leekley-Winslow purports to bring this Complaint under 42 U.S.C. § 1983. *See* Compl. 2. He sues one defendant: Kathryn Medlicott, whom the Complaint identifies as an employee of the Washington County Sheriff's Department. *See id.* at 3.[1]

---

[1] Mr. Leekley-Winslow originally sued Ms. Medlicott within a "Final Amended Complaint" filed in an action he initiated in March 2019. *See* Final Am. Compl. 2, *Leekley-Winslow v. Fairview Health Servs.*, No. 19-CV-0587 (SRN/KMM) (D. Minn. Aug. 5, 2019); Docket, *Leekley-Winslow v. Fairview Health Servs.*, No. 19-CV-0587 (SRN/KMM) (D. Minn.). This Court interpreted the Final Amended Complaint as pressing claims against Ms. Medlicott in both her official capacity with Washington County as well as in her individual capacity. *See* R. & R. 19–20, *Leekley-Winslow v. Fairview Health Servs.*, No. 19-CV-0587 (SRN/KMM) (D. Minn. Feb. 14, 2020). The Court then recommended that the Final Amended Complaint's official-capacity claims

The Complaint has one paragraph of allegations, reading as follows:

> In May 2019 Colton Leekley-Winslow reported to the Washington County Sheriff's Department the illegal activities of Brian Rodney Denny in connection with the [Hells] Angels motorcycle gang. In or around summer of 2019, Colton Leekley-Winslow recorded texts from his friend Christina Underkoffler saying that Brian Denny has a relationship with the Hells Angels motorcycle gang. Washington County Sheriff's Deputy Kathryn Medlicott is heard in a recorded phone call from July of 2019 telling Colton Leekley-Winslow not to make reports to the FBI and DEA, a violation of 18 USC 1512. Katheryn Medlicott is a detective in the investigations unit. In this case Colton Leekley-Winslow alleges that Kathryn Medlicott violated plaintiff's 14th amendment rights to the due process of law and the equal protection of the laws by failing to perform an investigation, not giving equal treatment to plaintiff compared to Brian Denny, and corruptly persuading plaintiff to not contact federal authorities. Kathryn Medlicott acted and is being sued in her individual capacity.

*Id.* at 3–4 (citations omitted). For relief, Mr. Leekley-Winslow asks for $400,000 in damages. *See id.* at 4.

Based on these allegations, the Court construes Mr. Leekley-Winslow as pressing four claims. First, he claims that Ms. Medlicott violated 18 U.S.C. § 1512, which

---

against Ms. Medlicott be dismissed for lack of jurisdiction; individual-capacity claims against her remained, based on three sets of factual allegations. *See id.* at 37–41, 43. Before U.S. District Judge Susan R. Nelson addressed this Court's report and recommendation, Mr. Leekley-Winslow moved to voluntarily dismiss various defendants, including Ms. Medlicott; he indicated that he "no longer wishe[d] to pursue claims in this case against the parties named above [including Medlicott], and that he "intend[ed] to file a separate lawsuit" against her. *See* Mot. to Dismiss 2, *Leekley-Winslow v. Fairview Health Servs.*, No. 19-CV-0587 (SRN/KMM) (D. Minn. Feb. 27, 2020); *see also* Order 1, *Leekley-Winslow v. Fairview Health Servs.*, No. 19-CV-0587 (SRN/KMM) (D. Minn. Mar. 4, 2020) (granting motion to dismiss). The present lawsuit appears to be Mr. Leekley-Winslow's new, separate lawsuit.

criminalizes witness tampering. Second, he claims that Ms. Medlicott has violated his rights under the Fourteenth Amendment's Equal Protection Clause. Third (and fourth), he claims that she has violated his rights under the Fourteenth Amendment's Due Process Clause. Because that clause has two components—procedural due process and substantive due process—and Mr. Leekley-Winslow does not distinguish between them, the Court will construe him as arguing that Medlicott violated his rights under both components of the Due Process Clause. *Cf. Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) ("A *pro se* complaint must be liberally construed . . . ." (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II.   ANALYSIS

### A.   Screening Standards

As discussed above, rather than pay this action's filing fee upfront, Mr. Leekley-Winslow moved for permission to proceed IFP. *See* IFP Appl. After reviewing the IFP Application, the Court concludes that Mr. Leekley-Winslow qualifies financially for IFP status. That said, an IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service." (citing authorities)).

3

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the complaint's factual allegations and draw all reasonable inferences in Plaintiffs' favor. *See, e.g.*, *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The complaint's factual allegations need not be detailed, but must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing a complaint's sufficiency, a court may disregard legal conclusions that are couched as factual allegations. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See, e.g.*, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### B.   Witness-Tampering Statute

Mr. Leekley-Winslow contends that Ms. Medlicott's alleged conduct violated 18 U.S.C. § 1512. To the extent he wants to press a claim under § 1512 against Ms. Medlicott, such an effort cannot succeed.

Neither the U.S. Supreme Court nor the U.S. Court of Appeals for the Eighth Circuit has specifically addressed whether § 1512 provides a private right of action. But numerous courts have held that it does not. *See, e.g.*, *Jones v. Azar*, No. 19-CV-0477 (JB/JHR), 2020 WL 1316727, at *18 (D.N.M. Mar. 20, 2020) (citing cases); *Sivokonev v. Cuomo*, No. 19-CV-6734L, 2020 WL 1316494, at *2 (W.D.N.Y. Mar. 19, 2020) (citing *Slaughter v. Mahar*, No. 10-CV-0305 (DNH/TWD), 2019 WL 3454192 at *1 (N.D.N.Y. 2019)). This Court finds persuasive the justification provided by the U.S. District Court

4

for the Northern District of Illinois in *Nelson v. Chertoff*, No. 07-CV-2991, 2008 WL 4211577 (N.D. Ill. Sept. 10, 2008). In that case, after quoting various parts of § 1512, the court explained why it believed that the section did not provide a private right of action:

> The statute itself does not provide for a civil remedy. It is well settled that criminal statutes generally do not provide for private civil causes of action. Plaintiffs have not cited, nor has this Court found, any decision holding that the criminal witness tampering statute carries an implied private right of action. Therefore, Plaintiffs, undeniably private parties, may not bring an action under [§ 1512], and their criminal witness tampering claim must be dismissed.

*Id.* at *4 (citations omitted).

Given these points—and this Court's inability to find any courts anywhere letting private parties sue under the statute—the Court concludes that § 1512 does not provide a private right of action. The Court thus recommends dismissing this cause of action—and because there is no plausible way that Mr. Leekley-Winslow can successfully plead a § 1512 claim, the Court here recommends dismissal with prejudice.

### C.    Claims Under § 1983

#### 1.    "Under color of state law"

As noted above, the Court construes Mr. Leekley-Winslow as trying to press three claims based on alleged infringements of his federal constitutional rights. He brings these claims pursuant to 42 U.S.C. § 1983. *See* Compl. 2. "To state a claim for relief in an action brought under § 1983, [plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*,

526 U.S. 40, 49–50 (1999); *see also Campbell v. Hennepin Cty. Sheriffs*, No. 19-CV-1348 (DWF/ECW), 2020 WL 589547, at *15 (D. Minn. Jan. 21, 2020) (stating similar elements for § 1983 claims (quoting *L.L. Nelson Enters., Inc. v. Cty. of St. Louis, Mo.*, 673 F.3d 799, 805 (8th Cir. 2012)), *report and recommendation adopted*, 2020 WL 586770 (D. Minn. Feb. 6, 2020).

For all of Mr. Leekley-Winslow's § 1983 claims, the Court concludes that the Complaint adequately pleads that Ms. Medlicott's conduct was "under color of state law."  "'The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Harris v. Maplewood Police Dep't*, No. 17-CV-0392 (MJD/SER), 2018 WL 3627404, at *2 (D. Minn. June 18, 2018) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)), *report and recommendation adopted*, No. 17-CV-392 (MJD/SER), 2018 WL 3621034 (D. Minn. July 27, 2018); *cf. Filarsky v. Delia*, 566 U.S. 377, 383 (2012) ("Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983.'" (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).  Here, Mr. Leekley-Winslow specifically alleges that Ms. Medlicott works for the Washington County Sheriff's Department, and the alleged conduct appears to be conduct she engaged in as part of her county employment.  *See* Compl. 3.  This is enough to plead the under-color-of-state-law element.

  **2.**  **Deprivation of a constitutional right**

*Procedural due process*

Each of Mr. Leekley-Winslow's § 1983 claims must meet such claims' first element—that is, the Complaint must allege the deprivation of a federal constitutional right.[2]  The Court will first address Mr. Leekley-Winslow's claim of a deprivation of his Fourteenth Amendment procedural-due-process rights.

The Fourteenth Amendment states that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  To allege that a defendant has violated one's procedural-due-process rights, a plaintiff must allege that the defendant (1) deprived the plaintiff of "life, liberty, or property"; and (2) did so "without sufficient process."  *Clark v. Kan. City Mo. Sch. Dist.*, 375 F.3d 698, 701 (8th Cir. 2004) (quoting *Krentz v. Robertson Fire Prot. Dist.*, 228 F.3d 897, 902 (8th Cir. 2000) (internal quotation marks omitted)); *cf. De La Torre v. Minn. St. High Sch. League*, 202 F. Supp. 3d 1046, 1054 (D. Minn. 2016) (stating similar test (quoting *Stevenson v. Blytheville Sch. Dist. # 5*, 800 F.3d 955, 965–66 (8th Cir. 2015)).

Mr. Leekley-Winslow does not suggest that Ms. Medlicott's conduct deprived him of any property interest, and he of course has not been deprived of his life.  His procedural-due-process claim's deprivation element thus hinges on whether he has properly alleged the deprivation of a liberty interest.  The "core of the liberty protected by the Due Process Clause" is "the freedom from bodily restraint."  *Turner v. Rogers*, 564 U.S. 431, 445 (2011) (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) (internal

---

[2] As the *Sullivan* quotation above suggests, a plaintiff can bring a § 1983 claim based on a deprivation of a right secured by a "law[] of the United States," as opposed to one secured by the Constitution itself.  In this action, however, Mr. Leekley-Winslow only asserts deprivations of federal constitutional rights.

quotation marks omitted)); *see also Hazley v. Dooley*, No. 16-CV-3935 (ECT/ECW), 2018 WL 8224879, at *7 (D. Minn. Nov. 26, 2018) (quoting *Foucha* for same point), *report and recommendation adopted*, 378 F. Supp. 3d 751 (D. Minn. 2019). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citing cases); *see also Smith v. McKinney*, 954 F.3d 1075, 1079 (8th Cir. 2020) (quoting *Wilkinson*).

Under these standards, the Court concludes that Mr. Leekley-Winslow has not plausibly alleged the deprivation of a liberty interest. Indeed, Mr. Leekley-Winslow's allegations do not suggest that Ms. Medlicott's conduct infringed on his liberty in any relevant way. Nothing she did caused any form of bodily restraint, and consideration of the sources from which liberty interests arise suggests no plausible liberty-interest candidate. The most that Mr. Leekley-Winslow suggests is that Ms. Medlicott "corruptly persuad[ed] [him] to not contact federal authorities." Compl. 4. The Court is unaware of any precedent suggesting that a bare allegation of "corrupt persuasion" not to take an action is enough to plead the deprivation of a liberty interest.

The Court therefore concludes that Mr. Leekley-Winslow has failed to state a claim for violations of his Fourteenth Amendment right to procedural due process. The Court recommends dismissing that claim without prejudice.

*Substantive due process*

The Fourteenth Amendment's Due Process Clause has also been held to "cover a substantive sphere . . . , 'barring certain government actions regardless of the fairness of

the procedures used to implement them.'" *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)). But this substantive sphere is limited, and "[a]s a general matter, the [U.S. Supreme] Court has always been reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 72 (2009) (quoting *Collins v. Harker Heights*, 503 U.S. 115, 125 (1992)); *see also Gallagher v. City of Clayton*, 699 F.3d 1013, 1017 (8th Cir. 2012) (quoting similar portion of *Collins*).

To allege a substantive-due-process violation, a plaintiff must allege that government action infringed on a "fundamental right." *See, e.g.*, *Van Orden v. Stringer*, 937 F.3d 1162, 1167 (8th Cir. 2019) (citing cases), *cert. denied*, 140 S. Ct. 1146 (2020); *Gallagher*, 699 F.3d at 1017. "A fundamental right is one which is, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if it were sacrificed." *Gallagher*, 699 F.3d at 1017 (quoting cases (internal quotation marks, citations, and brackets omitted)); *see also Van Orden*, 937 F.3d at 1167–68 (giving same standard (quoting *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997)).

In addition, the relevant government action must be "'shocking to the contemporary conscience.'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *C.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 634 (8th Cir. 2010)); *see also Munt v. Schnell*, No. 18-CV-3390 (DWF/ECW), 2020 WL 1695420, at *15 (D. Minn. Jan. 31, 2020) (making same point (quoting *Hall v. Ramsey Cty.*, 801 F.3d 912,

9

917 (8th Cir. 2015)), *report and recommendation adopted*, 2020 WL 968353 (D. Minn. Feb. 28, 2020). Under that standard, a rights violation must be "so severe[,] . . . so disproportionate to the need presented, and . . . so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to brutal and inhumane abuse of official power literally shocking to the conscience." *C.N.*, 591 F.3d at 634 (quoting *Golden v. Anders*, 324 F.3d 650, 652–53 (8th Cir. 2003) (ellipses in *C.N.*)); *see also Miles v. Johnson-Piper*, No. 19-CV-1078 (WMW/KMM), 2020 WL 1330028, at *5 (D. Minn. Mar. 23, 2020) (reciting same standard (quoting *Karsjens v. Piper*, 845 F.3d 394, 408 (8th Cir. 2017)).

As the Court understands the Complaint's allegations—assumed to be true for present purposes—Ms. Medlicott allegedly told Mr. Leekley-Winslow not to report certain activity to certain federal agencies. In the Court's view, this does not meet either substantive-due-process element. First, Mr. Leekley-Winslow does not specify what "fundamental right" Ms. Medlicott's conduct purportedly violated, and it is not obvious to this Court what possible right might be at issue here. Second, even if Mr. Leekley-Winslow had specified a relevant constitutional right, his allegations give no impression that Ms. Medlicott's conduct was "so severe," "so disproportionate," or "so inspired by malice or sadism" that it could plausibly be deemed conscience-shocking.

Given this analysis, the Court concludes that the Complaint fails to allege that Ms. Medlicott violated Mr. Leekley-Winslow's Fourteenth Amendment substantive-due-process rights. The Court therefore recommends dismissing this claim without prejudice.

*Equal protection*

The Complaint's remaining cause of action is Mr. Leekley-Winslow's claim that Ms. Medlicott violated his rights under the Fourteenth Amendment's Equal Protection Clause. Under that provision, "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

The Complaint's equal-protection claim faces an initial hurdle in that the U.S. Supreme Court's "equal protection jurisprudence has typically been concerned with governmental classifications that 'affect some groups of citizens differently than others.'" *Engquist v. Ore. Dep't of Agr.*, 553 U.S. 591, 601 (2008) (quoting *McGowan v. Maryland*, 366 U.S. 420, 425 (1961)). As a result, "[p]laintiffs in such cases generally allege that they have been arbitrarily classified as members of an 'identifiable group.'" *Id.* (quoting *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256, 279 (1979)). Mr. Leekley-Winslow does not claim that some form of group membership has led to discrimination against him. Indeed, his complaint is that he has not received "equal treatment . . . compared to Brian Denny." Compl. 3. Mr. Leekley-Winslow's claim falls outside run-of-the-mill equal-protection cases.

The U.S. Supreme Court has recognized that plaintiffs can "in some circumstances" press an equal-protection claim "even if the plaintiff has not alleged class-based discrimination, but instead claims that she has been irrationally singled out as a so-called 'class of one.'" *Engquist*, 553 U.S. at 601 (discussing *Village of Willowbrook v. Olech*, 528 U.S. 562 (2000) (per curiam)). *Engquist* discussed the equal-protection theory of such class-of-one cases as follows:

11

> As we explained long ago, the Fourteenth Amendment "requires that all persons subjected to . . . legislation shall be treated alike, under like circumstances and conditions, both in the privileges conferred and in the liabilities imposed." When those who appear similarly situated are nevertheless treated differently, the Equal Protection Clause requires at least a rational reason for the difference, to ensure that all persons subject to legislation or regulation are indeed being "treated alike, under like circumstances and conditions." Thus, when it appears that an individual is being singled out by the government, the specter of arbitrary classification is fairly raised, and the Equal Protection Clause requires a "rational basis for the difference in treatment."

*Id.* at 602 (citations omitted; ellipses in *Engquist*).

But *Engquist* also explained a significant limit on class-of-one claims:

> There are some forms of state action . . . which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments. In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted. In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.
>
> Suppose, for example, that a traffic officer is stationed on a busy highway where people often drive above the speed limit, and there is no basis upon which to distinguish them. If the officer gives only one of those people a ticket, it may be good English to say that the officer has created a class of people that did not get speeding tickets, and a "class of one" that did. But assuming that it is in the nature of the particular government activity that not all speeders can be stopped and ticketed, complaining that one has been singled out for no reason does not invoke the fear of improper government classification. Such a complaint, rather, challenges the legitimacy of the underlying action itself—the decision to ticket speeders under such circumstances. Of course, an

12

> allegation that speeding tickets are given out on the basis of race or sex would state an equal protection claim, because such discriminatory classifications implicate basic equal protection concerns. But allowing an equal protection claim on the ground that a ticket was given to one person and not others, even if for no discernible or articulable reason, would be incompatible with the discretion inherent in the challenged action. It is no proper challenge to what in its nature is a subjective, individualized decision that it was subjective and individualized.

*Id.* at 603–04.

*Engquist* concerned whether public employees challenging employment-related actions could press claims using the class-of-one equal-protection theory. *See, e.g.*, *id.* at 609. But courts have extended to other contexts *Engquist*'s justification for limiting class-of-one claims. Of particular relevance here, the Eighth Circuit has held that under the *Engquist* rationale, law-enforcement officials' decisions "regarding whom to investigate and how to investigate" cannot be the subject of class-of-one equal-protection claims. *Flowers v. City of Minneapolis*, 558 F.3d 794, 799 (8th Cir. 2009); *see also Stepnes v. Ritschel*, 771 F. Supp. 2d 1019, 1032 (D. Minn. 2011) (quoting *Flowers*), *aff'd*, 663 F.3d 952 (8th Cir. 2011). And while *Flowers* addressed a plaintiff's appeal following summary judgment, this Court has relied on *Flowers* at least twice to reject class-of-one claims in response to a motion to dismiss. *See Larson v. Rousell*, No. 09-CV-3600 (PAM/AJB), 2011 WL 1533151, at *3 (D. Minn. Apr. 21, 2011), *aff'd*, 432 F. App'x 640 (8th Cir. 2011); *Lawrence v. City of St. Paul*, 740 F. Supp. 2d 1026, 1035, 1041 (D. Minn. 2010). Given this authority, the conduct that Mr. Leekley-Winslow complains of cannot support a class-of-one equal-protection claim.

Furthermore, the Eighth Circuit has observed that "'[t]o be similarly situated for purposes of a class-of-one equal-protection claim, the persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects.'" *Robbins v. Becker*, 794 F.3d 988, 996 (8th Cir. 2015) (quoting *Reget v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010)). In addition, "[a] class-of-one plaintiff must . . . 'provide a specific and detailed account of the nature of the preferred treatment of the favored class,' especially when the state actors exercise broad discretion to balance a number of legitimate considerations." *Nolan v. Thompson*, 521 F.3d 983, 990 (8th Cir. 2008) (quoting *Jennings v. City of Stillwater*, 383 F.3d 1199, 1213–14 (10th Cir. 2004)). The Complaint meets neither requirement. It does not allege—and provides no reason to believe—that Mr. Leekley-Winslow and Mr. Denny are "identical or directly comparable . . . in all material respects." And the Complaint simply asserts an equal-protection violation—there is no "specific and detailed account" of just how Mr. Leekley-Winslow was treated worse than similarly situated others.

Given these issues, the Court concludes that the Complaint fails to state a cause of action for infringement of Mr. Leekley-Winslow's Fourteenth Amendment right to equal protection. The Court thus recommends that this claim be dismissed without prejudice.

Because Mr. Leekley-Winslow's equal-protection claim was the last claim remaining for consideration, and the Court has recommended dismissing all of the Complaint's claims, the Court further recommends dismissing this action in its entirety. Given that recommendation, the Court further recommends denying the IFP Application.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Within Plaintiff Colton Francis Leekley-Winslow's Complaint, ECF No. 1, his claim based on 18 U.S.C. § 1512 be **DISMISSED** with prejudice.

2. The Complaint's remaining claims be **DISMISSED** without prejudice.

3. Mr. Leekley-Winslow's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2, be **DENIED**.

Date:  May 4, 2020                          s/ *Katherine Menendez*
                                            Katherine Menendez
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).